UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA LUISA GARCIA-GARCIA,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No. 5:18-cv-02422-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 14 |

I. INTRODUCTION

This is a suit for damages under the Federal Tort Claims Act ("FTCA"). Plaintiff Maria Luisa Garcia-Garcia ("Plaintiff") is proceeding pro se. Defendant moves to dismiss the complaint, asserting that the suit is time barred. In response, Plaintiff asserts that equitable tolling should be applied so that she may have her "day in court." Dkt. No. 19, p. 6. The Court finds it appropriate to take the motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). The November 8, 2018 hearing is vacated. For the reasons set forth below, Defendant's motion is granted.

II. BACKGROUND

In May of 2016, Plaintiff was seen by a nurse practitioner at Salud Para la Gente medical clinic, a federally-funded clinic. Complaint ¶¶ 15-16. The nurse told Plaintiff that there was pus in her right foot pinky toe. *Id*. ¶ 17. Without first obtaining Plaintiff's consent, the nurse stuck a needle in Plaintiff's toe, but no pus drained out. *Id*. The nurse apologized and Plaintiff left the clinic without receiving any after-visit case instructions, information about risks or medication. *Id*. ¶ 18. Two days later, Plaintiff's toe began bleeding profusely and she checked into a hospital. *Id*.

¶ 19. Doctors at the Watsonville Community Hospital amputated Plaintiff's toe. *Id*. ¶ 20. Plaintiff was hospitalized for ten days. *Id*. ¶ 20.

On March 20, 2017, Plaintiff filed an administrative claim with the Department of Health and Human Services ("DHHS"). *Id*. Ex 1. On August 4, 2017, DHHS sent a letter by certified mail to Plaintiff notifying her that her claim had been denied because "[t]he evidence fail[ed] to establish that the alleged injury was due to the negligent or wrongful act or omission of a federal employee acting within the scope of employment." *Id*. Ex. 2. The letter also advised Plaintiff that if she was dissatisfied with the decision, she had the option to file a request for reconsideration with the DHHS or "File suit against the United States in the appropriate federal district court within six (6) months from the date of mailing of this determination (28 U.S.C. § 2401(b))." *Id*. Plaintiff filed the instant action on April 23, 2018.

III.     STANDARDS

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of claims alleged in the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When deciding whether to grant a motion to dismiss, the court must generally accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. *See Retail Prop. Trust v. United Bhd. Of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014) (providing the court must "draw all reasonable inferences in favor of the nonmoving party" for a Rule 12(b)(6) motion). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

Pro se pleadings must be construed liberally. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). The Court, however, "need not give a plaintiff the benefit of every conceivable doubt" but "is required only to draw every reasonable or warranted factual inference in the plaintiff's

favor." *McKinney v. De Bord*, 507 F.2d 501, 504 (9th Cir. 1974). A pro se complaint should not be dismissed unless the court finds it "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

IV. DISCUSSION

The FTCA imposes both a statute of limitations for presenting an administrative tort claim to the relevant agency and one for filing suit after agency denial of the claim:

> A tort claim against the United States shall be forever barred unless it is presented in writing to other appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). If a plaintiff fails to file suit in federal district court within six months of notification of denial by the agency, then the claim is time barred. *See*, *e.g.*, *Adams v. United States*, 658 F.3d 928, 935 (9th Cir. 2011) (holding that plaintiffs' FTCA claims were barred by the statute of limitations because they were filed six months and one day after the Bureau of Labor Management mailed its denial letter).

Here, Plaintiff filed suit well after the six-month deadline. The DHHS mailed notification of its decision to Plaintiff on August 4, 2017 and Plaintiff filed suit in federal court on April 23, 2018. Therefore, Plaintiff's suit is time-barred absent equitable tolling.

In *United States v. Kwai Fun Wong*, 135 S.Ct. 1625, 1638 (2015), the Supreme Court held that equitable tolling is an available defense to the FTCA's statute of limitations. A plaintiff who seeks equitable tolling in an FTCA action "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) (quoting *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227, 132 S.Ct. 1414, 182 L.Ed.2d 446 (2012)), *aff'd sub nom. United States v. Kwai Fun Wong*, 135 S.Ct. 1625 (2015). "Equitable tolling is typically granted when litigants are unable to file timely petitions as a result of external circumstances beyond their

CASE NO.: 5:18-cv-02422-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
3

direct control." *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008).

Plaintiff contends that she has been pursuing her rights diligently by corresponding "with the defendants" after her injury (Dkt. 19, p. 5) and filing two suits before filing the instant action, albeit in the wrong court. Plaintiff first filed suit on May 16, 2017 in the Santa Cruz County Superior Court, but voluntarily dismissed the case after realizing she was required to file an administrative claim. *Id*., p. 3. She filed a second suit in Santa Cruz County Superior Court on November 18, 2017, after the DHHS denied her administrative claim. *Id*. Plaintiff also asserts that "extraordinary circumstances" stood in her way. Plaintiff represents that she could not and has not been able to retain an attorney because of the high cost of litigation relative to the value of her claim. She also represents that she cannot read, write or speak English and has no more than an elementary education in Spanish.

Although unfortunate, the circumstances described above do not establish a basis for equitable tolling. Plaintiff pursued her rights, but she did not do so diligently. It appears that Plaintiff knew Salud Para Gente was a federal clinic as early as March of 2017 because she filed her administrative tort claim with the DHHS. Complaint, Ex. 1. The August 4, 2017 DHHS letter advised Plaintiff to file suit against the United States in the appropriate "federal district court" within six months.

In analyzing whether a federal habeas petition is untimely, the Ninth Circuit has observed that there is no per se rule that a petitioner's language limitations can justify equitable tolling. *See Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006). Instead, a non-English speaking petitioner seeking equitable tolling "must, at a minimum, demonstrate that during the running of the . . . time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel or other source." *Id*. Plaintiff has not and cannot meet this standard. Whether through the translation assistance of a friend or otherwise, Plaintiff was able to submit a timely administrative tort claim to the DHHS, to file complaints in state court, and to file the instant complaint. Because equitable tolling is not applicable, Plaintiff's lawsuit is untimely.

CASE NO.: 5:18-cv-02422-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
4

## V. CONCLUSION

Defendant's motion to dismiss is GRANTED. The complaint is dismissed with prejudice. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 10, 2018

_____
EDWARD J. DAVILA
United States District Judge